Thiago M. Coelho, SBN 324715
*thiago.coelho@wilshirelawfirm.com*
Chumahan B. Bowen, SBN 268136
*chumahan.bowen@wilshirelawfirm.com*
Jesenia A. Martinez, SBN 316969
*jesenia.martinez@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby,
Los Angeles, California 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Stefan Bogdanovich, SBN 324525
*sbogdanovich@bursor.com*
**BURSOR & FISHER, P.A.**
1990 N. California Blvd., Ste. 940
Walnut Creek, California 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

*Attorneys for Plaintiffs and Proposed Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR GONZALEZ, STUART GLICK, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiffs*, | **CLASS ACTION** |
| v. | **COMPLAINT** |
| FCA US, LLC dba STELLANTIS NORTH AMERICA, a Delaware limited liability company; and DOES 1 through 10, inclusive, | **DEMAND FOR JURY TRIAL** |
| *Defendants*. | |

COMPLAINT; DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

Plaintiffs Victor Gonzalez and Stuart Glick ("Plaintiffs"), individually, and on behalf of all other members of the public similarly situated, based on information and belief, bring the following allegations against FCA US, LLC dba Stellantis North America ("Defendant" or "Stellantis") and DOES 1 through 10, inclusive (collectively, "Defendants"):

## NATURE OF THE ACTION

1.    When is a nine-speed automatic transmission really only a seven-speed? When it is installed in a 2022 or 2023 Ram Promaster van (the "Class Vehicle"). With the release of the Class Vehicle, Stellantis advertised and represented to its customers that it had upgraded the van's transmission to a "9-Speed Automatic Transmission."[1] But as practical matter, the Class Vehicle is too slow to *ever* activate the 8th and 9th gear. So in reality, the van only has seven useable gears.

2.    So why would a car manufacturer design extra, useless gears into its vans? To make more money. More gears usually means better fuel efficiency and reliability. Better fuel efficiency and reliability means consumers will be willing to pay more for the vehicles. This is especially true when the vehicle happens to be a large van that guzzles a lot of gas.

3.    Stellantis, known historically as Chrysler, is considered one of the "Big Three" automobile manufacturers in the United States. It designs, manufactures, and sells automobiles across the country under the Chrysler, Dodge, Jeep and Ram nameplates, among others.

4.    Among the automobiles Stellantis sells is the Ram Promaster, a model of commercial van. In 2022, Stellantis sold approximately 60,937 Class Vehicles in the United States.[2]

5.    As part of the marketing for the Class Vehicle, Stellantis represented to consumers that the model had been upgraded from a six-speed transmission to a "New 9-Speed Automatic

---

[1] https://cdn.dealereprocess.org/cdn/brochures/ram/2022-promaster.pdf

[2] https://www.goodcarbadcar.net/2022-us-commercial-van-sales-figures-by-model/#:~:text= Commercial%20van%20sales%20in%20the,range%20of%20features%20and%20options.

1

COMPLAINT; DEMAND FOR JURY TRIAL

Transmission."[3] Stellantis promised that the addition of these "higher gears . . . help lower engine rpm speeds."[4]

6.       A lower rpm—or revolutions per minute—is generally preferred because it indicates that a vehicle's engine is operating on a more efficient level, consuming less fuel and putting less stress on the engine components. Put simply, a higher-gear transmission can be expected to perform better than a lower-gear transmission. Accordingly, the benefits inherent in an upgraded nine-speed transmission would have been material to reasonable consumers in making their decisions to purchase the Class Vehicle.

7.       However, unbeknownst to consumers, the Class Vehicle was not capable of engaging the eighth or ninth gears—the Class Vehicle's automatic software does not allow it to engage those gears. This is because the Class Vehicle's design is too big and boxy, and thus the Class Vehicle's software will never detect a situation in which engaging those gears is beneficial to its performance. As a result, the Class Vehicle functionally only has a seven-speed transmission, not the advertised nine-speed.

8.       As if that were not enough, the Class Vehicle's final drive ratio—or the ratio of how many revolutions the driveshaft makes to perform one wheel-turn—is *nearly identical* to the six-speed of its older models at the seventh gear.[5] In other words, the Class Vehicle's transmission performance is functionally identical to that of the previous six-gear models. Thus, despite marketing the Class Vehicle as having been improved with a higher gear transmission, the Class Vehicles sold by Stellantis did not have the promised improved transmission.

9.       Stellantis knew or should have known about these issues but chose to market and sell the Class Vehicles as having nine-speed transmissions anyway. Likewise, Stellantis omitted and concealed the truth about the Class Vehicles from consumers, who could not have discovered it until after they had already purchased them.

---

[3] *Id.*

[4] *Id.*

[5] https://www.promasterforum.com/threads/2022-owners-please-read-and-comment.100022/#:~:text=Technically%20speaking%2C%209th%20gear%20is,6%20speed%20transmission's%20top%20gear.%22

2

COMPLAINT; DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

10.     Plaintiffs and Class Members suffered damages because of Stellantis's false representations, omissions, and concealments about the Class Vehicles. Plaintiffs and Class Members were induced to purchase, lease, or retain Class Vehicles under the reasonable but mistaken belief that they had an improved nine-speed automatic transmission. Instead, they received vehicles that would only shift to the seventh gear, and which did not perform better than Defendant's previous six-gear models. As a result, Plaintiffs and Class Members lost the benefit of their bargain.

## JURISDICTION AND VENUE

11.     Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), because there exist members of the proposed Class who are citizens of states different from Stellantis, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. Further, greater than two-thirds of the members of the Class reside in states other than the states that Stellantis is a citizen. Additionally, this Court has federal question jurisdiction over Plaintiffs' claims because they allege violations of federal law.

12.     In addition, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over the state law claims because all the claims derive from a common nucleus of operative facts and are such that Plaintiffs ordinarily would expect to try them in one judicial proceeding.

13.     This Court has personal jurisdiction over the parties because (a) Plaintiffs are both residents of this District and (b) Stellantis transacts business and has sufficient contacts in this District to have purposefully availed itself of jurisdiction in this District.

14.     Venue is proper in this District because (a) Plaintiffs are both residents of this District and (b) certain of Stellantis's acts and omissions giving rise to the claims at issue in this action occurred in this District.

COMPLAINT; DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

**THE PARTIES**

**I.    Plaintiffs**

15.    Plaintiff Gonzalez is an individual consumer that, all times relevant times, was a citizen and resident of Los Angeles, California. On September 1, 2024, he purchased a 2023 Ram Promaster from the Bravo Chrysler Dodge Jeep Ram dealership in Alhambra, California, mistakenly believing the vehicle could achieve all the advertised nine speeds. Had Plaintiff Gonzalez known the Class Vehicle could not actually achieve the 8th and 9th gears, he would not have purchased the Class Vehicle or would not have paid as much for it.

16.    Plaintiff Gluck is an individual consumer that, all times relevant times, was a citizen and resident of Laguna Niguel, California. On March 19, 2023, he purchased a 2023 Ram Promaster from the Bob Baker Chrysler Jeep Dodge Fiat dealership in Carlsbad, California, mistakenly believing the vehicle could achieve all the advertised nine speeds. Had Plaintiff Gluck known the Class Vehicle could not actually achieve the 8th and 9th gears, he would not have purchased the Class Vehicle or would not have paid as much for it.

**II.    Defendants**

17.    Stellantis is a Delaware limited liability company with its principal place of business located at 1000 Chrysler Drive, Auburn Hills, Michigan 48326.

18.    Defendant's registered agent for service of process is the Corporation Company (CA). It can be served at 1130 Tienken Court Suite 104, Rochester Hills, Michigan, 48306-4369.

19.    Plaintiffs do not know the true names or capacities of the persons or entities sued herein as DOES 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiffs and the Class as alleged herein. Plaintiffs will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

20.    At all times mentioned herein, the Defendants named as DOES 1 through 10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiffs and the Class in this District.

4

COMPLAINT; DEMAND FOR JURY TRIAL

**GENERAL FACTUAL ALLEGATIONS**

**I.    Stellantis Misleadingly Marketed the Class Vehicles as Nine-Speed Vehicles**

21.    Stellantis has marketed and sold the Ram Promaster throughout the United States since 2014. When it released the 2022 Ram Promaster, Stellantis marketed it as having a "New 9-Speed Automatic Transmission," in comparison to previous models, which only had six-speed transmissions. Stellantis further touted that the new higher gears—the 7th, 8th and 9th transitions—would help lower engine rpm speeds.

22.    Stellantis made these representations through various avenues including, *inter alia*, in press releases,[6] commercials and point-of-sale advertising, in its product brochures, and on its website.

23.    Examples of Stellantis's misleading advertising are included below:

*Figure 1. Stellantis advertising the nine-speed transmission in its brochure for the Class Vehicle*



---

[6] *See, e.g.*, https://media.stellantisnorthamerica.com/newsrelease.do?id=22963&mid=.

COMPLAINT; DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

*Figure 2. Stellantis advertising the nine-speed transmission on its website*



*Figure 3. Screenshot of Stellantis's commercial advertising the nine-speed transmission[7]*



---

[7] https://www.youtube.com/watch?v=XPihCz4XgZA.

6

COMPLAINT; DEMAND FOR JURY TRIAL

24.     Additionally, Stellantis represented that the Class Vehicle had a "9-Speed Automatic Transmission" throughout the car's owner's manual, which it provided to purchasers upon every sale of the Class Vehicle.

*Figure 4. Stellantis representing the Class Vehicle as a nine-speed in its owner's manual*

## 9-SPEED AUTOMATIC TRANSMISSION

The transmission gear position display (located in the instrument cluster) indicates the transmission gear range. You must press the brake pedal to move the gear selector out of PARK. To drive, move the gear selector from PARK or NEUTRAL to the DRIVE position.

The electronically controlled transmission provides a precise shift schedule. The transmission electronics are self-calibrating; therefore, the first few shifts on a new vehicle may be somewhat abrupt. This is a normal condition, and precision shifts will develop within a few hundred miles (kilometers).

25.     Stellantis's advertising and representations about this aspect of the Class Vehicles were uniform and consistent. All stated, without any qualification, that the Class Vehicles had a "9-Speed Automatic Transmission." None disclosed that the Class Vehicles were programed to not engage their eighth or ninth gears under any use circumstances.

26.     Along with these alleged improvements to the transmission came a price increase. The new nine-speed Class Model's MSRP on release ranged from approximately $37,260 to $48,900, depending on the trim, upgrades and optional features selected by the customer. In comparison, the MSRP of the previous 2021 six-speed model had ranged from $31,300 to $42,830. Accordingly, Plaintiffs and Class Members who purchased new Class Models paid up to $6,070 more for them.

COMPLAINT; DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

## II. Nine-Speed Vehicles are Desired by Consumers because They Perform Better and Are More Efficient than Six-Speed Vehicles

27. Stellantis chose to market the Class Vehicle's nine-speed transmission to keep up with consumer preferences and the evolving standards of the automobile industry. Higher-gear transmissions are preferred by consumers because they offer smoother acceleration, improved fuel efficiency, and better overall driving performance. That is why many automobile manufacturers have spent hundreds of millions of dollars developing higher-gear transmissions for their vehicles.[8]

28. Among other benefits, a higher-gear transmission allows a car to operate at lower rpm speeds. This is because the more gears an engine has to choose from, the less revolutions per minute it needs because it can simply choose the most optimal gear for the speed at which the car is operating. Thus, a greater amount of gear selection allows a car's engine to work less while keeping the vehicle at the same speed.

29. By contrast, a car with a lower-gear transmission has a more limited choice of gears, and thus must operate at a higher rpm on average because the transmission must frequently settle for a less optimal gear for the car's current speed. A car which operates at a higher rpm puts more stress on its engine and burns more fuel.

30. Simply put, a higher-speed transmission car will generally perform better and be more fuel efficient than a lower-speed transmission car. To illustrate, tests comparing the 2017 Ford F-150 (a ten-speed transmission) to the 2016 model (a six-speed) revealed that the ten-speed model had a higher mpg rating on both city and highway streets.[9] Likewise, tests conducted on the 2017 Chevrolet Malibu (a nine-speed transmission) found that it was 3% more fuel efficient than the previous eight-speed model.

---

[8] https://www.automotive-fleet.com/157485/high-gear-transmissions-how-many-gears-are-enough#:~:text=General%20Motors%20invested%20$323%2Dmillion,FCA's%20director%20of%20automatic%20transmissions.

[9] *Id.*

COMPLAINT; DEMAND FOR JURY TRIAL

**III.  Despite Being Marketed as a Nine-Speed Vehicle, the Class Vehicle Cannot Engage its Eighth and Ninth Gears**

31.  While Stellantis sold the Class Vehicle as a nine-speed vehicle, the vehicle is not able to engage the eighth or ninth gears. This is because the Class Vehicle's design is too big and boxy to stay in the eighth or ninth gear when it is operated under common, real-world driving scenarios such as when driving on a road with a mild grade or when encountering headwind. Instead of remedying this issue through alternative design, Stellantis instead simply programmed the Class Vehicle's software to never utilize the eighth or ninth gears. This leaves the Class Vehicles functionally only a seven-gear vehicle, as opposed the advertised nine gears.

32.  As a result of this undisclosed gear-speed limitation, Stellantis's advertised and promised improvements on the Class Vehicle's rpm speeds were not delivered upon.  The Class Vehicle's seventh gear (the highest gear the software will allow it to engage) is almost identical in performance to the sixth gear of previous Ram Promaster models. As shown below, the Class Vehicle's seventh gear has a gear ratio of 0.70.[10]

| Gear Ratios | |
| --- | --- |
| 1st | 4.71 |
| 2nd | 2.84 |
| 3rd | 1.91 |
| 4th | 1.38 |
| 5th | 1.00 |
| 6th | 0.81 |
| 7th | 0.70 |
| 8th | 0.58 |
| 9th | 0.48 |
| Reverse | 3.83 |
| Spread | 9.81 |
| Final Drive Ratio | 4.08 |

[10] https://www.caranddriver.com/ram/promaster/specs

9

COMPLAINT; DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

33. For comparison, the 2021 model's sixth gear has a nearly identical gear ratio of 0.65.[11]

| Gear Ratios | |
| --- | --- |
| 1st | 3.90 |
| 2nd | 2.69 |
| 3rd | 2.16 |
| 4th | 1.37 |
| 5th | 0.95 |
| 6th | 0.65 |
| Reverse | 3.04 |
| Final Drive and Overall Top Gear Ratios | 3.86 |

34. A car's gear ratio indicates the number of revolutions the driving gear makes for each revolution that the driven gear must make. It is used to indicate several factors about a car's performance, including its top speed, acceleration, engine speed, and fuel economy. Here, the Class Vehicle's seventh gear drive ratio (the highest gear it is ever allowed to utilize) is almost the exact same—only a 0.05 difference—than the highest gear ratio of the previous six-speed model, indicating that its top speed, acceleration, engine speed, and fuel economy are likewise almost the exact same as the previous six-gear model.

35. Similarly, the Class Vehicle and 2021 model's final drive ratios are nearly the same, being 4.09 and 3.86 respectively. A final drive ratio indicates the gear ratio between the transmission and the wheels and indicates how much torque is available for the car to use for acceleration at a given engine speed. That both models' final drive ratios are almost the exact same also indicates that the nine-speed Class Model performs nearly identically to the previous six-speed model, despite Stellantis's promised improvements and increased pricing.

36. Simply put, despite being marketed as a nine-speed vehicle and thus an upgrade to previous six-speed models, consumers who purchased the Class Vehicle did not receive vehicles with nine-speed transmissions. Instead, they received vehicles that could not access its

---

[11] *Id.*

10

COMPLAINT; DEMAND FOR JURY TRIAL

eighth or ninth gears. Which rendered their Class performances essentially equivalent to that of previous six-speed models.

**IV.     Despite Being Aware that the Class Vehicles Could Not Access the Eighth or Ninth Gears, Stellantis Did Not Disclose this to Consumers**

37.     Stellantis was the only party with knowledge that the Class Vehicles could not access their eighth or ninth gears and were thus functionally equivalent to the previous six-speed models. Despite this, Stellantis knowingly and intentionally concealed and omitted these material facts from consumers, who purchased Class Vehicles under the reasonable but mistaken belief that they would be able to use the eighth and ninth gears. It was only after purchasing and driving the Class Vehicles that consumers would discover the truth.

38.     Plaintiffs and Class Members bargained for nine-speed vehicles, but did not receive the benefit of that bargain. Had Plaintiffs and Class Members been aware of the truth, their purchasing decisions would have been affected. They would have either not purchased the Class Vehicles, only been willing to pay substantially less for them, or would have purchased alternative vehicles.

## CLASS ACTION ALLEGATIONS

39.     Plaintiffs bring certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus seek class certification of the following class and sub-class definitions pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and/or (b)(3), and/or (c)(4).

40.     The proposed Nationwide Consumer Class is defined as follows:

> All persons residing in the United States who purchased or leased a Class Vehicle.

41.     The proposed California Consumer Sub-Class is defined as follows:

> All persons residing in the State of California who purchased or leased a Class Vehicle.

42.     Excluded from each Class are Stellantis; their employees, officers, directors, legal representatives, heirs, and successors; wholly or partly owned subsidiaries or affiliates of

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

COMPLAINT; DEMAND FOR JURY TRIAL

Defendants; Class Counsel and their employees; and the judicial officers, their immediate family members, and associated court staff assigned to this case.

43. This action satisfies the requirements of Rule 23(a)(1). There are millions of Class Vehicles nationwide. Individual joinder of all Class Members is impracticable.

44. Each of the Classes are ascertainable because their members can be readily identified using vehicle registration records, sales records, production records, and other information kept by Defendants or third parties in the usual course of business and within their control. Plaintiffs anticipate providing appropriate notice to the Class in compliance with Rule 23(c)(1)(2)(A) and/or (B), to be approved by the Court after class certification, or pursuant to court order under Rule 23(d).

45. This action satisfies the requirements of Rule 23(a)(2) and (b)(3), because questions of law and fact that have common answer and predominate over questions affecting only individual Class Members. These include, without limitation, the following:

(a) Whether the Class Vehicles cannot access its eighth or ninth gears and thus are not true nine-speed vehicles as advertised;

(b) Whether the Class Vehicles' overall performance is nearly identical to that of previous six-speed models;

(c) Whether Defendants knew, or should have known, that the Class Vehicles were not true nine-speed vehicles;

(d) Whether Defendants omitted and failed to disclose material facts about the Class Vehicles;

(e) Whether Defendants' statements, concealments, and omissions about the true nature of the Class Vehicles induced Plaintiffs and Class Members to act to their detriment by purchasing the Class Vehicles;

(f) Whether Defendants engaged in unfair, deceptive, unlawful and/or fraudulent acts or practices, in trade or commerce, by misleadingly advertising and failing to disclose material facts about the Class Vehicles;

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

COMPLAINT; DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

(g)    Whether Defendants' conduct, as alleged herein, was likely to mislead a reasonable consumer;

(h)    Whether Defendants' statements, concealments, and omissions regarding the Class Vehicles, were material, in that a reasonable consumer could consider them important in purchasing, selling, maintaining, or operating such vehicles;

(i)    Whether Defendants violated State consumer protection statutes, and if so, what remedies are available under those statutes;

(j)    Whether Defendants' unlawful, unfair, and/or deceptive practices harmed Plaintiffs and the Classes;

(k)    Whether Defendants have been unjustly enriched by its conduct;

46.    This action satisfies the requirements of Rule 23(a)(3), because Plaintiffs' claims are typical of the claims of the Class Members' claims and arise from the same course of conduct by Defendants. The relief Plaintiffs seek is typical of the relief sought for absent Class Members.

47.    Plaintiffs will fairly and adequately represent and protect the interests of the Classes. Plaintiffs have retained counsel with substantial experience in prosecuting consumer class actions.

48.    Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Classes and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests adverse to those of the Classes.

49.    This action satisfies the requirements of Rule 23(b)(2), because Defendants have acted and refused to act on grounds generally applicable to each Class, thereby making appropriate final relief with respect to each Class as a whole.

50.    This action satisfies the requirements of Rule 23(b)(3), because a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The common questions of law and fact regarding Defendants' conduct and responsibility predominate over any questions affecting only individual Class Members.

13
COMPLAINT; DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

51.     Because the damages suffered by each individual Class Member may be relatively small, the expense and burden of individual litigation would make it very difficult or impossible for individual Class Members to redress the wrongs done to each of them individually, such that most or all Class Members would have no rational economic interest in individually controlling the prosecution of specific actions; and the burden imposed on the judicial system by individual litigation—by even a small fraction of the Classes—would be enormous, making class adjudication the superior alternative under Rule 23(b)(3)(A).

52.     Class action treatment of this matter presents far fewer management difficulties; far better conserves judicial resources, and the parties' resources; and far more effectively protects the rights of each Class Member than would piecemeal litigation. Compared to the expense, burdens, inconsistencies, economic infeasibility, and inefficiencies of individualized litigation, the challenges of managing this action as a class action are substantially outweighed by the benefits to the legitimate interests of the parties, the Court, and the public of class treatment in this Court, making class adjudication superior to other alternatives, under Rule 23(b)(3)(D).

53.     Plaintiffs are not aware of any obstacles likely to be encountered in the management of this action that would preclude its maintenance as a class action. Rule 23 provides the Court with the authority and flexibility to maximize the efficiencies and benefits of the class mechanism and reduce management challenges. The Court may, on motion of Plaintiffs, or on its own determination, certify nationwide, statewide and/or multistate classes for claims sharing common legal questions; utilize the provisions of Rule 23(c)(4) to certify any particular claims, issues, or common questions of fact or law, for class- wide adjudication; certify and adjudicate bellwether class claims; and utilize Rule 23(c)(5) to divide any Class into subclasses.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

#### FRAUDULENT OMISSION OR CONCEALMENT

(On behalf of Plaintiffs and the Nationwide Class Against All Defendants)

54.     Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

14

COMPLAINT; DEMAND FOR JURY TRIAL

55. At all relevant times, Defendants were engaged in the business of designing, manufacturing, distributing, and selling the Class Vehicles.

56. Defendants, acting through their representatives or agents, delivered and sold the Class Vehicles to their own dealerships, distributors and various other distribution channels.

57. Defendants willfully, falsely, and knowingly omitted various material facts regarding the quality and character of the Class Vehicles—namely, that despite being marketed and sold as nine-speed transmission vehicles, they could not access their eighth or ninth gears and were thus functionally equivalent to previous six-speed models.

58. Rather than inform of the truth regarding the Class Vehicles, Defendants concealed this material information.

59. Defendants omitted this material information to drive sales for its newly released Class Vehicles. Consumers would not have purchased Class Vehicles, would only have been willing to pay substantially less for them, or would only have been willing to purchase older Ram models, had they known the truth.

60. Plaintiffs and Class Members reasonably relied upon Defendants' claims pertaining to the Class Vehicle's nine-speed transmission. Indeed, consumers who purchase vehicles generally reasonably rely on the manufacturer's representation when making a purchase.

61. Plaintiffs and Class Members had no way of knowing about the Class Vehicle's inability to use the eighth or ninth gears prior to purchasing them. Plaintiffs and Class Members had no reason to suspect Defendant of omitting material information about the Class Vehicles. Nor did Plaintiffs and Class Members have an independent duty to investigate Defendants' representations regarding its Class Vehicle's nine-speed transmission.

62. As the manufacturer and distributer of the Class Vehicles, Defendants had a duty to ensure the accuracy of the representations they disseminated regarding the Class Vehicles. Defendants did not fulfill this duty.

63. Defendants were in a superior position to know the falsity and/or misleading nature of its representations with respect to the Class Vehicles' nine-speed transmission. As the manufacturer, Defendants are in sole possession of rigorous testing of the Class Vehicles and

COMPLAINT; DEMAND FOR JURY TRIAL

knew or should have known that the Class Vehicles did not and would never utilize its eighth or ninth gears.

64.     Defendants actively concealed the above-described material facts from Plaintiffs and Class Members. Defendant knew or should have known, at all times, that the Class Vehicles could not utilize their eighth or ninth gears, and thus did not have true nine-speed transmissions. Defendant did not disclose these material facts to consumers, put instead suppressed them and made misleading partial representations—by marketing the Class Vehicle as having upgraded nine-speed transmissions—in order to drive sales.

65.     Plaintiffs and Class Members sustained injury by purchasing Class Vehicles that did not live up to performance representations. Plaintiffs and Class Members purchased Class Vehicles that did not perform as promised.

66.     Defendants' wrongful actions and inactions were done deliberately and with intent to defraud. Defendants' wrongful actions and inactions were done in part to enrich itself at the expense of consumers and gain commercial advantage over competitors.

67.     Plaintiffs and Class Members are entitled to full or partial refunds for the diminished value of their Class Vehicles due to Defendants' omissions and concealment, the amounts of which are to be proven at trial.

## SECOND CAUSE OF ACTION

### FRAUDULENT MISREPRESENTATION

(On behalf of Plaintiffs and the Nationwide Class Against All Defendants)

68.     Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

69.     At all relevant times, Defendants were engaged in the business of designing, manufacturing, distributing, and selling Class Vehicles.

70.     Defendants, acting through its representatives or agents, delivered and sold the Class Vehicles to their own dealerships, distributors and various other distribution channels.

71.     Defendants willfully, falsely, and knowingly misrepresented various material facts regarding the quality and character of the Class Vehicles—namely, that they were nine-speed

16

COMPLAINT; DEMAND FOR JURY TRIAL

transmission vehicles despite not being able to utilize the eighth and ninth gears, and despite being nearly identical in performance to previous sixth-speed models.

72.     Rather than inform consumers of the truth regarding the Class Vehicle's nine-speed transmission, Defendants engaged in these misrepresentations.

73.     Defendants made these material misrepresentations to boost or maintain sales of the Class Vehicles, and to falsely induce consumers into paying more money for the Class Vehicles under the reasonable but mistaken belief that they were true nine-speed vehicles. These false representations were material to reasonable consumers and played a significant role in the value of the vehicles purchased.

74.     Plaintiffs and Class Members reasonably relied on Defendants' claims pertaining to the Class Vehicle's nine-speed transmission, as all consumers who purchase vehicles reasonably rely on the manufacturer's representations with regards to the cars it manufacturers.

75.     Plaintiffs and Class Members had no way of knowing about the Class Vehicle's inability to use the eighth or ninth gears prior to purchasing them. Plaintiffs and Class Members had no reason to suspect Defendant of omitting material information about the Class Vehicles. Nor did Plaintiffs and Class Members have an independent duty to investigate Defendants' representations regarding the Class Vehicle's nine-speed transmission.

76.     As the manufacturers and distributors of the Class Vehicles, Defendants had a duty to ensure the accuracy of the representations they disseminated regarding the Class Vehicles. Defendants did not fulfill this duty.

77.     Defendants were in a superior position to know the falsity and/or misleading nature of its representations with respect to the Class Vehicles' nine-speed transmission. As the manufacturers, Defendants are in sole possession of rigorous testing of the Class Vehicles and knew or should have known that the Class Vehicles did not and would never utilize its eighth or ninth gears.

78.     Defendants misrepresented material facts to pad and protect their profits. Defendants knew that they would maintain or increase sales of the Class Vehicle by marketing it as a nine-speed transmission—which was an upgrade from the six-speed transmission of

17

COMPLAINT; DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

Stellantis's previous models. The benefits Defendants obtained by falsely touting the Class Vehicles as nine-speed vehicles came at the expense of Plaintiffs and Class Members.

79. Plaintiffs and Class Members were unaware of these material misrepresentations and would not have acted as they did if they had known the truth. Plaintiffs' and Class Members' actions were justified given Defendants' misrepresentations. Defendants were in the exclusive control of material facts, and such facts were not known to the public.

80. Plaintiffs and Class Members sustained injury due to the purchase of Class Vehicles that did not live up to performance representations. Plaintiffs' and Class Members' purchased Class Vehicles that did not perform as promised.

81. Defendants' wrongful actions and inactions were done deliberately and with intent to defraud. Defendants' wrongful actions and inactions were done in part to enrich themselves at the expense of consumers and gain commercial advantage over competitors.

82. Plaintiffs and Class Members are entitled to full or partial refunds for the diminished value of their Class Vehicles due to Defendants' omissions and concealment, the amounts of which are to be proven at trial.

## THIRD CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

(On behalf of Plaintiffs and the Nationwide Class Against All Defendants)

83. Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

84. At all relevant times, Defendants were engaged in the business of designing, manufacturing, distributing, and selling Class Vehicles.

85. Defendants negligently and recklessly omitted certain material facts regarding the Class Vehicles—namely, it marketed and sold the Class Vehicles as nine-speed transmission vehicles, despite the Class Vehicles being unable to utilize its eighth and ninth gears and were thus nearly identical in performance to previous sixth-speed models.

COMPLAINT; DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

86.    Defendants' omissions are misleading and its representations are false. The Class Vehicles do not and cannot utilize its eighth and ninth gears because their software prevents it from doing so.

87.    Defendants' advertisements, which it made affirmatively through uniform representations, were material and considered by consumers before making their purchasing decisions.

88.    Plaintiffs and Class Members acquired Class Vehicles under the reasonable but mistaken belief that they were nine-speed transmission vehicles, as advertised by Defendants.

89.    Defendants had no reasonable grounds for believing that its nine-speed representations were true when it made them. In fact, Defendants intended that Plaintiffs and Class Members rely on its false nine-speed representations.

90.    Defendants' nine-speed representations were dispersed via television, internet, and other media for the express purpose of inducing members of the public to purchase the purportedly nine-speed Class Vehicles.

91.    Plaintiffs and Class Members reasonably relied upon Defendants' representations. Plaintiffs and Class Members reasonably believed that Defendants' nine-speed representations were accurate and thus purchased Class Vehicles under the reasonable but false belief that they were true nine-speed vehicles.

92.    As a result, Plaintiffs and Class Members were harmed when they purchased Class Vehicles that could not utilize their eighth and ninth gears. Plaintiffs and Class Members bargained for nine-speed vehicles but did not receive the benefit of their bargain.

93.    Plaintiffs' and Class Members' reliance on Defendants' representations was a substantial factor in causing this harm. If Plaintiffs and Class Members were informed prior to purchasing their Class Vehicles that they were not nine-speed vehicles as advertised, they would have made different purchasing decisions: such as not purchasing the Class Vehicles, only purchasing the Class Vehicles for substantially less money, or purchasing an alternative vehicle such as an older model.

COMPLAINT; DEMAND FOR JURY TRIAL

94. As a result, Plaintiffs and Class Members are directly and proximately injured by Defendants' negligence in misrepresenting and failing to inform Plaintiffs and Class Members of the Class Vehicle's inability to utilize its eighth and ninth gears. Plaintiffs and Class Members have suffered injury and are entitled to damages in an amount to be proven at trial, but more than the minimum jurisdictional requirement of this Court.

## FOURTH CAUSE OF ACTION

### FRAUD

(On behalf of Plaintiffs and the Nationwide Class Against All Defendants)

95. Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

96. Defendants marketed and sold the Class Vehicles as having nine-speed transmissions, despite knowing the Class Vehicles could not utilize their eighth or ninth gears. Concurrently, Defendants concealed and suppressed material facts regarding the Class Vehicles—namely, that they were nine-speed transmission vehicles despite not being able to utilize the eighth and ninth gears, and despite being nearly identical in performance to previous six-speed models.

97. On information and belief, Defendants still have not made full and adequate disclosure, continues to defraud Plaintiffs and the Class Members, and continue to conceal material information regarding the Class Vehicles.

98. Defendants had a duty to disclose the truth about the Class Vehicle's nine-speed transmission because they:

      (a)    Had exclusive and/or far superior knowledge and access to the facts, and Defendants knew the facts were not known to or reasonably discoverable by Plaintiffs and the Class;

      (b)    Intentionally concealed the foregoing from Plaintiffs and Class Members; and

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

20

COMPLAINT; DEMAND FOR JURY TRIAL

(c)    Made misleading and incomplete representations about the Class Vehicles, while purposefully withholding material facts from Plaintiffs that contradicted these representations.

99.    These omitted and concealed facts were material because they would be relied on by a reasonable person purchasing, leasing, or retaining a new or used Class Vehicle. Plaintiffs and Class Members trusted Defendants to accurately represent and not conceal or omit material information about the Class Vehicles before they purchased them.

100.    Defendants concealed and suppressed these material facts to induce reasonable consumers into purchasing the Class Vehicles under the false but mistaken belief that they were true nine-speed vehicles, as advertised.

101.    Defendants' wrongful actions and inactions were done deliberately and with intent to defraud. Defendants' wrongful actions and inactions were done in part to enrich itself at the expense of consumers and gain commercial advantage over competitors. Defendants actively concealed and/or suppressed these material facts, in whole or in part, to drive sales and increase its profits, and at the expense of Plaintiffs and the Class.

102.    Plaintiffs and the Class were unaware of these omitted material facts and would not have acted as they did if they had known of the concealed or suppressed facts. Plaintiffs and Class Members would have made different purchasing decisions: such as not purchasing the Class Vehicles, only purchasing the Class Vehicles for substantially less money, or purchasing an alternative vehicle such as an older model

103.    Plaintiffs did not receive the benefit of their bargain as a result of the Defendants' fraudulent conduct.

104.    Because of the concealment and/or suppression of the facts, Plaintiffs and the Class sustained damage because they bargained for Class Vehicles that did not have nine-speed transmissions, as advertised. Accordingly, Defendants are liable to the Class for their damages in an amount to be proven at trial, including, but not limited to, their lost benefit of the bargain or overpayment for the Class Vehicles at the time of purchase.

## FIFTH CAUSE OF ACTION

### UNJUST ENRICHMENT

(On behalf of Plaintiffs and the Nationwide Class Against All Defendants)

105. Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

106. This cause of action is pled in the alternative to Plaintiffs other cause of action which seek remedies at law.

107. Defendants received and retained a benefit from the Plaintiffs through unjust means—namely, by misrepresenting, omitting and concealing key material facts about the Class Vehicle's nine-speed transmission. Defendants' wrongful actions and inactions have resulted in inequity.

108. Defendant benefitted through their unjust conduct, by selling Class Vehicles as nine-speed vehicles Plaintiffs, but which could not utilize their eighth or ninth gears and which were substantially identical in performance to its previous six-speed model vehicles. As a result, Plaintiffs and Class Members have overpaid for these Vehicles and/or would not have purchased these Vehicles at all.

109. It is inequitable for Defendants to retain these benefits obtained at the expense of Plaintiffs and Class Members.

110. As a result of Defendants' unjust actions and inactions, Plaintiffs and Class Members have suffered injury in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### BREACH OF WARRANTY FOR FITNESS FOR A PARTICULAR PURPOSE, U. COM. CODE § 2-315

(On behalf of Plaintiffs and the Nationwide Class Against All Defendants)

111. Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

112. Defendants are "sellers" as defined under Uniform Commercial Code § 2-103(1)(d).

113. The Class Vehicles are "goods" as defined under section 2-105(1).

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

114.    Plaintiffs and Class Members are "buyers" as defined under section 2-103(1)(a).

115.    At the time Defendants sold the Class Vehicles to Plaintiffs and Class Members, Defendant had reason to know that consumers desired vehicles with higher-gear transmissions. Defendants' knowledge is demonstrated by its wide-scale marketing of the Class Vehicle's nine-speed transmission through television ads, its website, brochures and other methods.

116.    As the manufacturer and distributor of the Class Vehicles, Defendants had sole and exclusive knowledge that the Class Vehicles were not true nine-speed vehicles—they did not and could not utilize their eighth or ninth gears. Defendants did not make these material facts available to the consuming public. Instead, it omitted them and misled consumers by advertising the Class Vehicles as having nine-speed transmissions.

117.    Defendants had reason to know that Plaintiffs and Class Members were relying on their skill and judgement to furnish Class Vehicles which had fully functioning nine-speed vehicles, as advertised. Plaintiffs and Class Members, in reliance of Defendants and their marketing representations, purchased Class Vehicles in part because they reasonably but mistakenly believed that they had nine-speed transmissions.

118.    Defendants made no pre-purchase disclaimer that the Class Vehicles did not have true nine-speed transmissions because they did not utilize the eighth or ninth gears. Accordingly, any purported disclaimer of this information by Defendants in post-purchase materials is void.

119.    Defendants' breach of the implied warranty of fitness for a particular purpose induced consumers into paying for nine-speed Class Vehicles that they ultimately did not receive. Plaintiffs and Class members paid substantially more for those Class Vehicles than they otherwise would have had they know the truth.

### SEVENTH CAUSE OF ACTION

**BREACH OF EXPRESS WARRANTY, U. COM. CODE § 2-313**

(On behalf of Plaintiffs and the Nationwide Class Against All Defendants)

120.    Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

23

COMPLAINT; DEMAND FOR JURY TRIAL

121. Defendants are "sellers" as defined under Uniform Commercial Code § 2-103(1)(d).

122. The Class Vehicles are "goods" as defined under section 2-105(1).

123. Plaintiffs and Class Members are "buyers" as defined under section 2-103(1)(a).

124. At all relevant times, Defendants manufactured, distributed, advertised, and promoted the Class Vehicles.

125. At all relevant times, Defendants expressly warranted that the Class Vehicles were fit for use by consumers, that they were of merchantable quality, and that they were fit for their intended and advertised use.

126. Defendants expressly represented and warranted to Plaintiffs and Class Members, by and through statements, descriptions and affirmations of fact made by Defendants or its authorized agents or sales representatives, orally and in writing, in product advertisements and marketing materials and other written materials intended for the general public, that the Class Vehicles had had true nine-speed transmissions. These express warranties run to every Plaintiff and Class Member. The aforementioned documents and others contained express warranties regarding the Class Vehicle's nine-speed transmissions were created by and at the direction of Defendants.

127. In reliance upon Defendants' express warranties, Plaintiffs and Class Members purchased Class Vehicles under the reasonable and mistaken belief that they were nine-speed transmission vehicles and that they would be able to drive the vehicles in all nine advertised gears, as advertised by Defendants.

128. The Class Vehicles did not conform the Defendants' promises, descriptions and affirmations of fact—they did not and could not utilize their eighth and ninth gears and performed substantially identically to previous, six-speed models. Nevertheless, Defendants continued to market, and directed its agents to market, Class Vehicles by means of false and misleading information without regard to their actual capabilities.

129. At the time of making such express warranties, Defendants knew or should have known that the Class Models do not conform to those express representations.

24

COMPLAINT; DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

130. Consumers, including Plaintiffs and Class Members, relied upon Defendants' representations and warranties when purchasing or leasing Class Vehicles.

131. Defendants breached its express warranties to consumers, including Plaintiffs and Class Members, because the Class Vehicles were not as advertised, marketed, or warranted: they did not and could not utilize their eighth or ninth gears and thus did not have true nine-speed transmissions.

132. Defendants' wrongful actions and omissions in the design, manufacturing, marketing, distribution and sale of the Class Vehicles constitutes a breach of express warranties in violation of section 2-313.

133. Plaintiffs and Class Members have sustained damages in reasonably but mistakenly relying on Defendant's misrepresentations and omissions to purchase Class Vehicles. Plaintiffs and Class Members have sustained actual losses and damages in a sum to be determined at trial.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE MAGNUSSON-MOSS WARRANTY ACT, 15 U.S.C. § 2301, *ET SEQ.*

(On behalf of Plaintiffs and the Nationwide Class Against All Defendants)

134. Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

135. The Class Vehicles are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

136. Defendants are "warrantors" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(5).

137. Plaintiffs and Class Members are "consumers" within the meaning of Section 2301(3).

138. As described above, Defendants made express warranties under section 2-313 by representing the Class Vehicles as having nine-speed transmissions. These express warranties were clearly stated by Defendants in writing through various avenues both prior to and during purchase—such as in its advertising, on its website, and in its sales brochures and car manuals.

25

139. The Class Vehicles were not delivered as warranted because the Class Vehicles did not have nine-speed transmissions because they did not and could not utilize their eighth or ninth gears, leaving them functionally identical to previous six-gear models.

140. At the time Defendants expressly warranted that the Class Vehicles had nine-speed transmissions, it knew and had notice of the above-described issues.

141. Defendants have failed to remedy this breach of express warranty, despite its knowledge and notice of the issue.

142. Plaintiffs and Class Members have sustained damages in reasonably but mistakenly relying on Defendants' misrepresentations and omissions to purchase Class Vehicles. Plaintiffs and Class Members have sustained actual losses in the form of the loss of the benefit of their bargains and now bring suit under section 2310(d)(1). Plaintiffs and Class Members seek damages in a sum to be determined at trial.

143. In compliance with section 2310(c), prior to and contemporaneously with the filing of this Complaint, Plaintiffs provided Defendant with written notice of the defects and breaches alleged herein. Specifically, on or about the date of filing of this Complaint, Plaintiffs transmitted written notice to Defendant advising Defendant of the material nonconformities affecting the Class Vehicles, Defendant's obligations, and Plaintiffs' demand for cure.

144. Defendants have been, and continue to be, on notice of the defects and breaches alleged herein, including but not limited to pre-suit knowledge, consumer complaints, internal testing, and the allegations asserted in this Complaint. Despite such notice and a reasonable opportunity to cure, Defendants have failed and refused to adequately remedy the defects.

## NINTH CAUSE OF ACTION

### BREACH OF CONTRACT

(On behalf of Plaintiffs and the Nationwide Class Against All Defendants)

145. Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

COMPLAINT; DEMAND FOR JURY TRIAL

146.    Defendants solicited and invited Plaintiffs and Class Members to buy Class Vehicles. Plaintiffs and Class Members accepted Defendants' offers and bought Class Vehicles from Defendant.

147.    Plaintiffs and Class Members formed contracts with Defendants at the time they purchased Class Vehicles. The terms of those contracts include promises and affirmations made by Defendants that the Class Vehicles would have true nine-speed transmissions, as advertised.

148.    Further, Plaintiffs and Class Members entered into implied contracts with Defendants wherein, through its marketing, Defendant represented that the Class Vehicles had true nine-speed transmissions.

149.    Plaintiffs and Class Members reasonably relied upon Defendants' representations that the Class Vehicles had true nine-speed transmissions as advertised.

150.    Class Vehicles did not perform as promised—they did not and could not utilize their eighth and ninth gears and performed substantially identically to previous, six-speed models.

151.    Plaintiffs and Class Members performed their obligations under their contracts with Defendants. Defendants' Class Vehicles, however, did not perform as advertised or promised. Accordingly, Defendants breached its contracts with Plaintiffs and Class Members.

152.    As a direct and proximate cause of Defendants' breach, Plaintiffs and Class Members have suffered damages in form of the loss of their benefits of the bargain—they did not receive Class Vehicles with the true nine-speed transmissions that they bargained for, the sum of which will be determined at trial.

### TENTH CAUSE OF ACTION

**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

(On behalf of Plaintiffs and the Nationwide Class Against All Defendants)

153.    Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

154.    In every contract or agreement there is an implied promise of good faith and fair dealing.

27

COMPLAINT; DEMAND FOR JURY TRIAL

155. Defendants entered into contracts with Plaintiffs and Class Members at the time of sale of the Class Vehicles, in which Defendant promised that the Class Vehicles would have true nine-speed transmissions as advertised.

156. Plaintiffs and Class Members reasonably relied upon Defendants' representations that the Class Vehicles had true nine-speed transmissions as advertised.

157. The Class Vehicles did not perform as promised—they did not and could not utilize their eighth and ninth gears and performed substantially identically to previous, six-speed models.

158. Plaintiffs and Class Members performed their obligations under their contracts with Defendants. Defendants' Class Vehicles, however, did not perform as advertised or promised. Further, Defendants did not inform consumers of these material facts, but instead concealed and omitted them. Instead, Defendants chose to misleadingly advertise the Class Vehicles as having nine-speed transmissions, despite it never utilizing the eighth or ninth gears. Accordingly, Defendants breached its duty of good faith and fair dealing.

159. Defendants' actions are objectively unreasonable in light of its promises.

160. Defendants' conduct evaded the spirit of the bargain made with Plaintiffs and Class Members. Defendants' conduct denied Plaintiffs and Class Members the benefits of their bargains because they did not receive the Class Vehicles with true nine-speed transmissions, as advertised.

161. As a result of Defendants' breach of the duty of good faith and fair dealing, Plaintiffs and Class Members have suffered damages in a sum to be determined at trial.

162. The following causes of action are brought on behalf of Plaintiffs and the California Sub-Class.

**ELEVENTH CAUSE OF ACTION**

**VIOLATION OF SONG-BEVERLY WARRANTY ACT, CAL. CIV. CODE § 1792, *ET SEQ.***

(On behalf of Plaintiffs and the California Sub-Class Against All Defendants)

163. Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

28

COMPLAINT; DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

164. Defendants are manufacturers within the meaning of California Civil Code § 1791(j).

165. The Class Vehicles are "consumer goods" within the meaning of section 1791(a).

166. Plaintiffs and Sub-Class Members are "buyers" within the meaning of section 1791(b) because they purchased Class Vehicles in California. Those Class Vehicles were in turn "sold at retail" in California under section 1792.

167. With the sale of the Class Vehicles, Defendants made express warranties to Plaintiffs and Class Members—namely, that the Class Vehicles had nine-speed transmissions.

168. Defendants breached those express warranties. The Class Vehicles do not have nine-speed transmissions because they do not and cannot utilize their eighth or ninth gears and are thus substantially identical in performance to previous six-gear models.

169. Defendants have failed to remedy this breach of express warranty, despite its knowledge and notice of the issue.

170. Plaintiffs and Class Members have sustained damages in reasonably but mistakenly relying on Defendants' misrepresentations and omissions to purchase Class Vehicles. Plaintiffs and Class Members have sustained actual losses in the form of the loss of the benefit of their bargains. Plaintiffs and Class Members seek damages in a sum to be determined at trial.

171. In compliance with California Civil Code § 1793.3, prior to and contemporaneously with the filing of this Complaint, Plaintiffs provided Defendant with written notice of the defects and breaches alleged herein. Specifically, on or about the date of filing of this Complaint, Plaintiffs transmitted written notice to Defendant advising Defendant of the material nonconformities affecting the Class Vehicles, Defendant's obligations, and Plaintiffs' demand for cure.

172. Defendants have been, and continue to be, on notice of the defects and breaches alleged herein, including but not limited to pre-suit knowledge, consumer complaints, internal testing, and the allegations asserted in this Complaint. Despite such notice and a reasonable opportunity to cure, Defendants have failed and refused to adequately remedy the defects.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

COMPLAINT; DEMAND FOR JURY TRIAL

**TWELFTH CAUSE OF ACTION**

**VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT, CAL. CIV. CODE § 1750, *ET SEQ.***

(On behalf of Plaintiffs and the California Sub-Class Against All Defendants)

173.    Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

174.    The Consumer Legal Remedies Act (CLRA) is a comprehensive statutory scheme that is to be liberally construed to protect California consumers against unfair or deceptive business practices in connection with the conduct of businesses providing goods, property, or services to consumers primarily for personal, family, or household use.

175.    In accordance with the liberal application and construction of the CLRA, application of the CLRA to all California Sub-Class Members given that Defendants marketed and sold the Class Vehicles in California and Sub-Class Members purchased those Class Vehicles in California.

176.    Defendants are "persons" as defined under California Civil Code §§ 1761(c) and 1770 and have provided "goods" as defined by Sections 1761(a) and 1770.

177.    Plaintiffs and Sub-Class Members are "consumers" as defined by sections 1761(d) and 1770 and have engaged in a "transaction" as defined by sections 1761(e) and 1770.

178.    Defendants' acts and practices were intended to and did result in the sales of products to Plaintiffs and Sub-Class Members in violation of section 1770, including:

(a) Representing that goods or services have characteristics and uses that they do not have;

(b) Representing that goods or services are of a particular standard, quality, or grade when they are not;

(c) Advertising goods or services with intent not to sell them as advertised; and

(d) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

179.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

COMPLAINT; DEMAND FOR JURY TRIAL

180. Had Defendants disclosed to Plaintiffs and Sub-Class Members that the Class Vehicles were not true nine-speed vehicles because they did not and could not utilize their eighth and ninth gears, Plaintiffs and Sub-Class Members would have made different purchasing decisions—including not purchasing the Class Vehicles, only being willing to purchase them for substantially less, or purchasing a different vehicle.

181. Plaintiffs and Sub-Class Members have suffered injury in the form of ascertainable monetary and non-monetary losses. Such damages arise from their not receiving the benefit of their bargains when they purchased Class Vehicles that did not perform as advertised.

182. In satisfaction of the requirements of California Civil Code § 1782(a), Plaintiffs provided written notice of their claims to Defendants via certified mail on April 24, 2026.

183. After expiration of the notice period, Plaintiffs will seek amendment of the Complaint to seek damages per section 1782(d).

184. As a result of Defendants' wrongful actions and inactions, Plaintiffs and Sub-Class Members have suffered injury and are entitled to injunctive relief and, after expiration of the notice period, damages in an amount to be proven at trial, but more than the minimum jurisdictional requirement of this Court.

## THIRTEENTH CAUSE OF ACTION

### VIOLATION OF FALSE ADVERTISING LAW, CAL. BUS. & PROF. CODE § 17500, *ET SEQ.*

(On behalf of Plaintiffs and the California Sub-Class Against All Defendants)

185. Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

186. Defendants' acts and practices, as described herein, have deceived and/or are likely to continue to deceive Sub-Class Members and the public. As discussed, Defendants misrepresented the Class Vehicles had nine-speed transmissions when in fact they did not and could not utilize their eighth and ninth gears, thereby rendering them substantially identical in performance to previous six-speed models.

187. Defendants disseminated uniform advertising regarding the Class Vehicle's nine-speed transmission throughout the state of California. That advertising was inherently unfair,

31

COMPLAINT; DEMAND FOR JURY TRIAL

deceptive, untrue, and misleading within the meaning of California Business and Professions Code § 17500, *et seq*. Such advertisements were intended to and did deceive the public for the reasons detailed herein.

188. The above-described false, misleading, and deceptive advertising Defendants disseminated continues to have a likelihood to deceive. Defendants have failed to instigate a public information campaign to alert consumers to the fact that the Class Vehicles cannot utilize their eighth and ninth gears and thus do not have true nine-speed transmissions. As such, reasonable consumers continue to be misled.

189. Had Defendants disclosed these facts to reasonable consumers, Plaintiffs and Sub-Class Members would have made different purchasing decisions—including not purchasing the Class Vehicles, only being willing to purchase them for substantially less, or purchasing a different vehicle.

190. In making and disseminating the statements alleged herein, Defendants knew or should have known that its advertisements were untrue and misleading in violation of California law. Plaintiffs and other Sub-Class Members based their purchasing decisions on Defendants' omitted and misrepresented material facts. The revenue to Defendants attributable to the Class Vehicles sold as a result of those false and misleading advertisements amount to tens of millions of dollars. Plaintiffs and Sub-Class Members were injured in fact and have lost money and property as a result of Defendants' wrongful actions and inactions.

191. The misrepresentations and non-disclosures by Defendants of the material facts described and detailed herein constitute false and misleading advertising, and therefore, constitute violations of section 17500, *et seq*.

192. As a result of Defendants' wrongful conduct, Plaintiffs and the Sub-Class Members were induced to purchase Class Vehicles, overpaying for them. Plaintiffs and Sub-Class Members are therefore entitled to restitution as appropriate for this cause of action.

193. Plaintiffs and Class Members seek all monetary and non-monetary relief allowed by law, including restitution of all profits stemming from Defendants' unfair, unlawful, and

32

COMPLAINT; DEMAND FOR JURY TRIAL

fraudulent business practices; declaratory relief; reasonable attorney's fees and costs under Code of Civil Procedure § 1021.5; injunctive relief; and other appropriate equitable relief.

### FOURTEENTH CAUSE OF ACTION

**VIOLATION OF UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200, *ET SEQ.***

(On behalf of Plaintiffs and the California Sub-Class Against All Defendants)

194.    Plaintiffs, individually and on behalf of the Class, repeat and allege all foregoing paragraphs of this Complaint as if fully alleged herein.

195.    In accordance with the liberal application and construction of the Unfair Competition Law (UCL), application of the UCL to all California Sub-Class Members given that Defendants marketed and sold the Class Vehicles in California and Sub-Class Members purchased those Class Vehicles in California.

196.    Defendants are "persons" as defined by California Business and Professions Code § 17201.

197.    Defendants violated the UCL by engaging in unlawful, unfair, or fraudulent business practices and unfair, deceptive, untrue, or misleading advertising, including:

    (a) Knowingly designing, developing, manufacturing, advertising, and selling Class Vehicles that do not utilize their eighth or ninth gears and are thus do not operate or serve as nine-speed transmission vehicles as advertised;

    (b) Misrepresenting material information to consumers regarding the Class Vehicles so that consumers were unable to make informed choices when purchasing Class Vehicles; and

    (c) Concealing material information to consumers regarding the Class Vehicles so that consumers were unable to make informed choices when purchasing Class Vehicles.

198.    Defendants have engaged in "unlawful" business practices by violating multiple laws, including the Magnuson-Moss Warranty Act, the Song-Beverly Consumer Warranty Act, the FAL, CLRA and Uniform Commercial Code § 2-313.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

COMPLAINT; DEMAND FOR JURY TRIAL

199. Defendants violated section 17200's prohibition against engaging in unlawful acts and practices by engaging in false and misleading advertising and by omitting material facts from purchasers of Class Vehicles. Plaintiffs reserve the right to allege other violations of the law, which constitute further unlawful business acts and practices.

200. Defendants violated section 17200's prohibition against unfair conduct by failing to inform consumers about the truth of the Class Vehicle's nine-speed transmission and engaging in a pattern or practice of concealing those facts from consumers to induce them to purchase Class Vehicles. Thereby depriving them of the ability to make an informed purchasing decision. This conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous.

201. The gravity of Defendants' conduct outweighs any alleged benefit, as the impact of the resulting injury sustained by Plaintiffs and Sub-Class Members far outweighs any possible justification. Defendants can have no possible justification for its efforts to induce Plaintiffs and Sub-Class Members to purchase its Class Vehicles under false pretenses.

202. Plaintiffs and Sub-Class Members could not reasonably have avoided this injury because they relied on Defendants' advertisement as to the quality and characteristics of the products it manufactures, advertises, and sells, as all consumers who rely on the verity of product advertising must do. Defendants' false advertisements, omissions and concealments are further violative of public policy, as expressed in, *inter alia*, the CLRA and the Uniform Commercial Code.

203. Plaintiffs and Sub-Class Members paid hefty prices for the Class Vehicles under the reasonable but mistaken belief that they were true nine-speed transmission vehicles. Instead, they received Class Vehicles that did not and could not utilize their eighth or ninth gears.

204. Defendants engaged in this conduct to gain an unfair commercial advantage over its competitors. They misrepresented critical and material information to, whilst simultaneously omitting critical and material information from, Plaintiffs and Sub-Class Members, its competitors and the marketplace—all to secure an unfair competitive advantage.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

34
COMPLAINT; DEMAND FOR JURY TRIAL

205. Defendants' conduct also constitutes fraudulent conduct because they were likely to deceive—and did deceive—Plaintiffs and Sub-Class Members into purchasing Class Vehicles that did not perform as promised, and for more than they otherwise would have. Defendants' business practices are further fraudulent because Defendants did not deliver the Class Vehicles as advertised.

206. Defendants' representations and omissions were material because they were likely to deceive reasonable consumers. Plaintiffs and Sub-Class members did not and could not have known that the Class Vehicles did not truly have nine-speed transmissions. Defendants were the only party with that knowledge, which it worked to conceal, omit and misrepresent.

207. Defendants' fraudulent conduct led to consumers paying for Class Vehicles which did not live up to reasonable expectations. Plaintiffs and Sub-Class Members paid for a vehicle with a true nine-speed transmission but instead received one that did not and could not utilize its eighth and ninth gears. Had Plaintiffs and Sub-Class Members known the truth, they would have made different purchasing decisions—including not purchasing the Class Vehicles, only being willing to purchase them for substantially less, or purchasing a different vehicle.

208. As a direct and proximate result of Defendants' unfair, unlawful and fraudulent acts and practices, Plaintiffs and Sub-Class Members were injured and lost money and property. They did not receive the benefit of their bargains.

209. Defendants acted intentionally, knowingly, and maliciously to violate the UCL. It recklessly disregarded Plaintiffs' and Sub-Class Members' rights. Defendants' knowledge that the Class Vehicles did not and could not utilize its eighth or ninth gears placed it on notice that the Class Vehicles did not have nine-speed transmissions as advertised.

210. Plaintiffs and Class Members seek all monetary and non-monetary relief allowed by law, including restitution of all profits stemming from Defendants' unfair, unlawful and fraudulent business practices; declaratory relief; reasonable attorneys' fees and costs under Code of Civil Procedure section 1021.5; injunctive relief; and other appropriate equitable relief.

COMPLAINT; DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for relief as follows:

a.    An order certifying the proposed Classes, designating Plaintiffs as the named representatives of the Classes, designating the undersigned as Class Counsel, and making such further orders for the protection of Class members as the Court deems appropriate, under Federal Rule of Civil Procedure 23;

b.    An order enjoining the Defendants to desist from further deceptive distribution, sales, and lease practices with respect to the Class Vehicles and such other injunctive relief that the Court deems just and proper;

c.    An award to Plaintiffs and Class Members of compensatory, exemplary, and punitive remedies and damages and statutory penalties, including interest, in an amount to be proven at trial;

d.    An award of attorneys' fees and costs, as allowed by law;

e.    An award of prejudgment and post judgment interest, as provided by law; and

f.    Such other relief as may be appropriate under the circumstances.


Dated:  April 24, 2026                     Respectfully submitted,

                                            */s/ Jesenia A. Martinez*
                                           Thiago M. Coelho
                                           Chumahan B. Bowen
                                           Jesenia A. Martinez
                                           **WILSHIRE LAW FIRM, PLC**


                                           Stefan Bogdanovich
                                           **BURSOR & FISHER, P.A.**

                                           *Attorneys for Plaintiffs and the Proposed Class*

36
COMPLAINT; DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, individually and on behalf of all others similarly situated, demand a jury trial as to all issues triable by a jury.

Dated:  April 24, 2026                    Respectfully submitted,

                                          */s/ Jesenia A. Martinez*
                                          Thiago M. Coelho
                                          Chumahan B. Bowen
                                          Jesenia A. Martinez
                                          **WILSHIRE LAW FIRM, PLC**


                                          Stefan Bogdanovich
                                          **BURSOR & FISHER, P.A.**

                                          *Attorneys for Plaintiffs and the Proposed Class*

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

37

COMPLAINT; DEMAND FOR JURY TRIAL